# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED CENTRAL BANK,**
        Plaintiff,

  v.                                                      Case No. 10C0464

**MAPLE COURT LLC, et al.,**
        Defendant.

## DECISION AND ORDER

Plaintiff United Central Bank filed this action to foreclose upon properties owned by defendants Maple Court LLC and 2905 Wisconsin LLC. Defendant James Crosbie is a guarantor for repayment of their indebtedness. Crosbie, Maple Court LLC, and 2905 Wisconsin LLC answered the complaint on July 7, 2010. Crosbie then filed a separate document entitled "class action counterclaim" three months later, alleging among other things that plaintiff fraudulently applied mortgage payments to principal instead of interest or escrow taxes in order to create an artificial default. Plaintiff moves to strike the counterclaim because defendants failed to request leave to amend their answer. In the alternative it moves to dismiss under 12(b)(1) for lack of standing and 12(b)(6) for failure to state a claim. I will grant the motion and strike the counterclaim. Because defendants did not include any counterclaim with their original answer, they were required to seek plaintiff's consent or the court's leave to amend. Fed. R. Civ. P. 15(a)(2); Civil L.R. 7(l). As they did neither, the counterclaims will be stricken.

In response to plaintiff's motion, defendants moved for leave to add counterclaims. Plaintiff opposes the motion. It argues that defendants waived their counterclaims, apparently believing that compulsory counterclaims under Fed. R. Civ. P. 13(a) must be exclusively pled in the original answer or be forever barred. This is incorrect. Defendants may request leave to amend their answer just as plaintiffs may request leave to amend their complaint. See Fed. R. Civ. P. 13 Advisory Committee's Note (2009) ("An amendment to add a counterclaim will be governed by Rule 15."). Plaintiff also argues that because defendants did not previously request leave, they cannot now do so. Again this is incorrect. Fed. R. Civ. P. 15(a)(2) states that courts "should freely give leave when justice so requires." Courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile. Soltys v. Costello, 520 F.3d 737, 743 (7th Cir. 2008). As defendants have not identified any undue delay, prejudice, or futility, I will grant leave to amend.

Defendants will, however, be directed to submit a complete pleading which incorporates their entire answer and counterclaim without reference to other filings. See Civil L.R. 15(a); Fed. R. Civ. P. 7(a). Plaintiff will then have thirty days in which to file its response.

For the reasons stated,

**IT IS THEREFORE ORDERED** that plaintiff's motion to strike is **GRANTED** and their motion to dismiss is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendants' motion for leave to file an amended answer and counterclaim is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 21st day of December 2010.

/s_____
LYNN ADELMAN
District Judge